**No. 11,720**

Orleans ·

---

## AUTOMOBILE SECURITY CORP. v. BURKE

---

(March 4, 1929. Opinion and Decree.)
(March 18, 1929. Rehearing Refused.)
(April 22, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

---

Geo. J. Untereiner, of New Orleans, attorney for plaintiff, appellee.

A. Morgan Brian, of New Orleans, attorney for defendant, appellant.

JANVIER, J. This is a suit brought in the First City Court of the City of New Orleans by an automobile finance company against the maker of a promissory note.

The only defense presented is by way of exception to the citation served upon defendant. The pertinent part of the citation is in the following words:

"You are hereby summoned, to comply with the demand contained in the petition of which copy accompanies this citation, or deliver your answer to the same in the office of the Clerk of the First City Court of the City of New Orleans, within three days after the service thereof."

Defendant's counsel argues that this citation should have notified defendant that he should file his answer within ten days instead of three and that it should also have notified him that he might add to this one day for each ten miles that his residence was distant from the courthouse, limited to a maximum of fifteen days.

It is contended that C. P., Art. 179, is controlling and that under it the delay of ten days plus an additional day for each ten miles should have been set forth in the citation instead of the three days as quoted.

Act 128 of 1921 reads in part as follows:

"Section 1—Be It Enacted by the Legislature of Louisiana, that the manner and form of proceedings before the City Courts. of this State in Cities having over one hundred thousand inhabitants, in cases where said Court has concurrent jurisdiction with District Courts of all suits for moneyed demands above one hundred dollars, and not exceeding three hundred dollars, shall be governed by the general laws regulating proceedings before the District Courts, provided that delays for answering shall be three days only, Sundays and holidays excluded."

Counsel argues that Act 128 of 1921 is violative of the Constitution of the State of Louisiana and of the United States, in that persons living at a distance from the courthouse are denied the equal protection of the law. It seems to us that any hardship which may result in the case of persons living at a distance from the courthouse is the result not of any denial of the equal protection of the laws, but of the voluntary choice by those persons of an inaccessible place to live.

We are quite convinced that there is in the Act nothing to which our attention has been called, which is violative of either the State or the Federal Constitution.

We agree with counsel for defendant that the citation should contain full information with regard to the delays allowed for answering, but we disagree with him in his view that this citation did not contain such information.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed.